The next case on the calendar is Pizarri v. Town Sports International. Good morning, Your Honors. May it please the Court, my name is David Gottlieb from Wigdor, LLP, for the Plaintiff's Appellants. This is a consumer protection class action against Town Sports International, which owns and operates New York sports clubs and other gyms throughout the Northeast. Excuse me. What we're talking about now, what you're seeking now, is an injunction with respect to having their membership terminated as a result of having brought this suit. Is that right? Correct, Your Honor. That's it. I mean, that's what's before. What's before the Court is an appeal from the lower court's denial of a motion for a preliminary injunction. After this action was commenced, our clients were banned, and we saw That's the focus. It's a very narrow issue before the Court. We sought a preliminary injunction to enjoin this retaliatory conduct. The lower court, Your Honors, completely failed to consider our arguments for irreparable harm or for likelihood of success on the merits, and I'll address each of those today. But I'd like to first very briefly address the standard of review. This Court has repeatedly held that when reviewing the lower court's denial of a motion for a preliminary injunction, we review the district court's legal holdings de novo and its ultimate decision for abusive discretion. And that's critical here, Your Honors, because a de novo review must be applied here. The lower court, again, did not address any of our legal arguments for irreparable harm or for likelihood of success in the merits. But, Your Honors, even if this Court were to apply an abusive discretion standard, this Court has held that the district court's failure to consider relevant factors constitutes an abusive discretion. So, Your Honors, for the same reasons, because none of our arguments were addressed by the lower court Did the lower court say that the likelihood of the probability that plaintiffs would prevail on the merits was poor? Yes, Your Honors. Didn't that address one of the prongs that must be shown in order to get a preliminary injunction? Here, respectfully, Your Honor, it does not because there are multiple claims underlying this action. There's the underlying consumer protection claim, and then there's also the retaliation claim. We sought a preliminary injunction on the retaliation claim, and the retaliation claim was not addressed in any way, shape, or form by the lower court. Is the retaliation something that occurred after the action was filed? The retaliation occurred after the action was filed. So it's not in the complaint? It is in the complaint. I'm sorry, Your Honor. The retaliation initially was against the initial two named plaintiffs. I can back up. We initially filed in State court with two named plaintiffs. There was retaliation against them. That action was discontinued. We filed in the Southern District with a retaliation claim for those original two named plaintiffs. After the other seven new plaintiffs had been added, we then amended the Federal complaint, so there's now a retaliation claim for all nine plaintiffs. But there was, excuse me, Your Honor, a retaliation claim originally. So I'd like to very quickly address irreparable harm and then move on to likelihood of success. Can I just stop for a minute? I realize that the district court's analysis is brief, but I'm not sure that the court is not addressing irreparable harm. The final paragraph says they claim they were irreparably injured by defendant's termination of the agreement and barring them from the premises. Plaintiffs say this is unlawful retaliation. And one sentence later, deprivation of attendance at a few of the many existing facilities in the area is not irreparable harm. Now, he may not have expressly talked about chilling, but he's making a conclusion in connection with the retaliation claim. But the conclusion that the lower court was making, Your Honor, was based on a different type of irreparable harm, which was attendance at a gym. That, again, as Your Honor acknowledged, was not our argument. Our argument was that there is a chilling effect on plaintiffs who might pursue claims against Townsports International and on the public at large. But the chilling effect would come from I'm not going to pursue my legal claim because I'll be barred from the gym. I'm not going to pursue my legal claim because I may be barred from the gym. And for other consumers, I'm not going to pursue my consumer protection claim against a hospital, against a bank, against whoever, because they may engage in retaliatory conduct towards me as well. The concept of a chilling effect, Your Honor, that was not addressed by the lower court at all. And this is not a new or novel concept. This court has addressed the fact that a chilling effect can constitute irreparable harm in the context of a preliminary injunction. Have we ever done this outside the employment context? It has not been addressed outside of the employment context, Your Honor. But the same reasoning should hold true. I guess I'm thinking of the factual predicate you would show to show irreparable injury. They seem to be different contexts. If you come into court and say I'm going to be terminated, all my witnesses are going to be terminated, that is an injury that I can immediately understand the chilling effect. The chilling effect of being told your gym membership will be terminated seems like it would be a substantially different factual circumstance. Well, again, the chilling effect is on the ability of the law to carry out its intended purpose. And, Your Honor, this is in the record at 165 to 168. This is not a theoretical or hypothetical harm. After it became clear that TSI was retaliating against complainants, 10 people contacted our firm, said they wanted to pursue their consumer protection claims against TSI as well. But after learning that there was potential for retaliation or likelihood of retaliation, they decided not to pursue their claims. And that's in the record. Is this a class action? This is a class action. What's the effect of chilling those others who are not opting to become plaintiffs if they're members of the class? Well, Your Honor, the ability of the class to demonstrate the claims will rely on there being witnesses who are going to testify. And that's critical. I mean, in any class action, you need to show numerosity. Of course, you need to show typicality. And we would need other witnesses to provide testimony, provide information. And we've already been harmed in our ability to do that. And, Your Honor, again, it goes to the ability of the consumer protection laws to carry out their intended purposes, not just in this specific case, but in other cases. If, in fact, there's going to be fewer people who are willing to come forward with these complaints, the consumer protection laws will not be able to carry out their intended purpose. Making sure I understand your cause of action, you're suing under eight, the consumer protection laws of eight different states? Correct, Your Honor. Do any of those states' consumer protection laws have a retaliation provision in the statutes? No, Your Honor. I'd like to address that. I see I'm running low on time. But the Supreme Court, Your Honor, has many times read into a statute an implied prohibition against retaliation. And that can be seen in the Sullivan case in 1969, Jackson v. Birmingham Board of Ed in 2005, and CBO CS West v. Humphreys in 2008. Those all involved discrimination statutes, excuse me, that did not include any reference to retaliation whatsoever in the statute. And the Supreme Court determined that you need to look at what is the intent of the statute and what is it intending to carry out. And Jackson, which I just referenced, was a Title IX case. Title IX does not have an anti-retaliation provision. And the court said, and this is a quote, reporting incidents of discrimination is integral to Title IX enforcement and would be discouraged if retaliation against those who report went unpunished. Indeed, if retaliation were not prohibited, Title IX's enforcement scheme would unravel. And, Your Honor, the same thing would hold true for the consumer protection laws if retaliation were to be permitted. If this court permits or affirms the lower court's order, businesses around New York and throughout the Northeast, frankly, would be given carte blanche to retaliate against those who raise complaints. Good morning, Your Honors, and may it please the Court. Jacob Cohn for the Appellee's Town Sports International and others. Judge Stanton found that this is a thin case. Poor is the likelihood of success on the merits. It is supported by the record, the terms of the contract. These are, just to be clear, there are 150 or so gyms. In 2017, years after these contracts were entered into, seven of them, four in New York, three in Boston, were rebranded and renovated and set aside as higher-end gyms for which there would not be access in the passport program. So the court found that it's a thin claim, and having to go to another gym is not irreparable harm. That should be the end of the analysis here. But what they wanted to do was use 1292A to float a trial balloon to this court, one that is not well-developed or well-preserved on the record below. Essentially, they want to import from civil rights statutes, from FSLA, serious, serious employment situations, right to own and possess properties and contract, an implied claim for retaliation in two, nine, there are eight state UDAP statutes, and a D.C. UDAP statute that are marketplace conduct regulating statutes between people at arm's length that buy and sell things and contract for services. Now, the first thing one would expect to find in such an analysis would be a reference to Erie. There is no reference to Erie here. None of the nine statutes, there is not a citation to a single case where any of the eight states or the District of Columbia have imported such a cause of action to a UDAP statute. So to the extent that they want to argue that the district court failed to consider something and has erred in some way by not permitting these plaintiffs, who clearly have no irreparable harm, they have a clear, a thin case, if any case, to import somebody else's claimed irreparable harm is a magnum leap that the court below was not, you know, obligated to undertake. And certainly this court, in reviewing that court's denial at the preliminary injunction phase, on a thin record of a request for a preliminary injunction to prevent a company from electing to stop doing business with people who are suing it, I suggest is unsupported and given the extremely deferential standard of review inappropriate for this court here. Make sure I'm understanding the framing of this. All this before us now is the claim for retaliation and an appeal from the denial of a preliminary injunction as to that claim. So what we're really assessing is whether there's irreparable injury arising from the termination from the clubs and then a likelihood of success on that claim, which was a claim that would involve implying a cause of action. And I said eight. You say there are nine state or D.C. statutes. Right. I'm fine with the framing that way. I'm fine because they have essentially framed it that way for you by conceding that unless they could get there this way, they have no irreparable harm. They have no basis to call upon this court to disturb the district court's ruling. If you have other questions, I'm happy to answer them, but that is the thrust of my argument. We have your brief. Thank you, Your Honor. Your Honors, no court has ever addressed one way or the other, at least as far as I've seen or has been cited in any brief, whether there should be an implied right of action for retaliation under any of the consumer protection laws. So it's never been addressed one way or the other. This is the first court to consider it. Frankly, Judge Stanton didn't even consider it. And the consumer protection laws, my adversary described them as marketplace conduct regulation statutes. These are remedial statutes intended to cure a serious wrong that occurs in the public. And there are many cases that say that the consumer protection laws are remedial in nature. I'm talking specifically about General Business Law 349 in New York. It's remedial in nature. It should be very liberally construed to carry out its intended purpose. So let's look at what is its intent. Let's look at the statute. The statute is written very broadly. It's titled, the General Business Law is titled Consumer Protection. Consumer Protection is built into the title of the law. It's intended to protect consumers, not leave consumers exposed to retaliation if they assert their rights. Your Honors, Jackson and Humphreys, the Supreme Court cases, asked the court to look at whether the statute is broad or narrow. And in both of those cases, Title IX and Section 1981, the court found because they were broad statutes, they should be read to be inclusive of retaliation. GBL 349 is very broad. All it says is deceptive acts or practices in the conduct of businesses are hereby declared unlawful. That is just as broad as Section 1981 in declaring race discrimination in the formation of contracts to be unlawful, and just as broad as Title IX was in Jackson. Again, neither of those- Is it fair to say that the Supreme Court in recent years has taken a more skeptical view toward implying causes of action from the general purpose of a statute? I would say the opposite, Your Honor. Alexander v. Sandoval, which was 2001, said the Supreme Court needs to look at not what should be a proper remedy, but what was the intent of the law. And so there were two primary cases after Sandoval. One was Jackson, which, again, the Court implied a right of action in Title IX. And that was a 5-4 split. That was a 5-4 split. And Jackson was in, I believe Jackson was in 2000 — Jackson was in 2005. Three years later, in Humphreys, Justice Thomas, delivering virtually the same exact dissent in Humphreys, arguing the same exact points, was only joined by one other justice. That was a 7-2 split. And they implied a right of action for retaliation under Section 1981 in the Humphreys case. So, Your Honors, I've cited in our brief the New York court of appeals cases that reflect that the New York courts broadly interpret the consumer protection statutes. And I did not cite this, excuse me, in my brief, but it's in the Hart case, which is cited. New York statutes, Chapter 7, Section 321, titled Statutes Subject to Special Construction Because of Nature or Object, says generally remedial statutes are liberally construed to carry out the reforms intended and to promote justice. In Chapter 6, Section 95, I know I'm out of time, titled Construction and Interpretation, says the courts in construing a statute should consider the mischief sought to be remedied by the legislation, and they should construe the act in question so as to suppress the evil and advance the remedy. And, Your Honors, the remedy of the statutes to protect consumers can only be advanced if they're protected against retaliation. Thank you. Thank you both. We'll take it under advisement.